CAUSE NO. DC-16-10227

| | | |
|---|---|---|
| BRITTANY CLEVELAND<br>Plaintiff, | § § § | IN THE DISTRICT COURT |
| v. | § § | DALLAS COUNTY, TEXAS |
| CENTRAL HAULING, CO.<br>Defendants. | § § § | 134th JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST AMENDED PETITION AND REQUEST FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, BRITTANY CLEVELAND (hereinafter referred to as "Plaintiff") complaining of CENTRAL HAULING, CO., and ANTHONY MYRICK, and for cause of action would respectfully show unto the Court the following:

### I.
### DISCOVERY LEVEL

1.1 Plaintiff intends to conduct discovery under a Level 3 Discovery Plan per Rule 190.3, T.R.C.P.

### II.
### PARTIES

2.1 Plaintiff BRITTANY CLEVELAND is a resident of Dallas County, Texas.

2.2 Defendant CENTRAL HAULING CO., a foreign corporation organized and existing under the laws of the state of Arkansas, whose office address is located at 12024 I-30, Little Rock, Arkansas 72210. Defendant Central has been served and has made an appearance herein.

2.3 Defendant ANTHONY MYRICK, a nonresident of Texas, whose home address is 4177 N. Orange Blossom Trail, Orange County, Orlando, Florida 32804, may be served with process by the clerk of this court by mailing a copy of the citation, with a petition attached, to defendant at that address by certified mail, return receipt requested, delivery restricted to addressee.

PLAINTIFF'S FIRST AMENDED PETITION AND REQUEST FOR DISCLOSURE   EXHIBIT B   Page 1

## III.
## VENUE & JURISDICTION

3.1    Venue properly lies in Dallas County, Texas, under § 15.001 of the Tex. Civ. Prac. & Rem. Code, as it is where all or a substantial part of the events giving rise to this claim occurred.

3.2    Jurisdiction is proper in this Court because the amount in controversy exceeds the minimum jurisdictional limits of the Court. Plaintiff seeks monetary relief in excess of $1,000,000.00.

## IV.
## FACTS

4.1    On or about February 26, 2015, Plaintiff was traveling southbound in the middle lane of Interstate 635 in Mesquite, Dallas County, Texas.

4.2    Defendant Anthony Myrick ("Defendant Myrick"), an employee of Defendant Central Hauling, Co. (hereinafter referred to as "Defendant Central"), who was operating a semi-truck owned and operated by Defendant Central, was traveling in the lane directly to the right of Plaintiff.

4.3    Defendant Myrick attempted an unsafe lane change without signaling, and moved into Plaintiff's lane, almost colliding with Plaintiff.

4.4    However, Plaintiff took evasive action and swerved to avoid contact by the semi-truck. As a result, her vehicle spun multiple times before striking the concrete barrier on the inside shoulder of the interstate.

4.5    Defendant Myrick failed to stop at the scene of the accident, but, thankfully, a good samaritan followed Defendant Myrick and his vehicle for several miles until he was able to get enough identifying information. This good samaritan then returned to the scene of the accident and presented the information to the investigating police officer.

4.6  At all times material hereto, Plaintiff was driving in a lawful and safe manner. Upon information and belief, Defendant Central is the owner of said semi-truck and employer of Defendant Myrick. At all times material hereto, Defendant Myrick was acting in the course and scope of his employment with Defendant Central.

4.7  Astonishingly, Defendant Myrick had a well-documented history of safety issues prior to and during his employment with Defendant Central. He was discharged by a previous employer in 2006 for an "unsatisfactory safety record;" he was ticketed for speeding in a commercial vehicle in 2008; he was involved in an injury-producing accident in 2009; and he even had his commercial driving license suspended in 2013 while working for Defendant Central. Not surprisingly, and after Defendant Central failed to discharge or even reprimand him for the accident at issue herein- implicitly ratifying his conduct- Defendant Myrick was finally discharged by Defendant Central in 2016 for what appear to be alcohol and drug related issues.

## V.
## NEGLIGENCE, NEGLIGENT ENTRUSTMENT, VICARIOUS LIABILITY, AND GROSS NEGLIGENCE

5.1  Plaintiff incorporates herein Paragraph 4.1 through 4.7 above and relies upon same as if fully copied and set forth at length.

5.2  Plaintiff's injuries and damages were proximately caused by the negligent conduct of Defendant Myrick. Specifically, Defendant Myrick was negligent by:

    (1)    Driving the semi-truck recklessly;

    (2)    Failing to maintain a proper lookout as a person using ordinary care would have done;

    (3)    Failing to obey the rules of the road;

    (4)    Failing to maintain a single lane of traffic safely, in violation of Tex. Transp. Code §545.060; and

    (5)    Failure to use reasonable care and caution in driving the semi-truck.

5.3 Defendant Central is vicariously liable for the actions of its employee, since Defendant Myrick was acting within the course and scope of his employment with Defendant Central. Further, Defendant Myrick is a statutory employee of Defendant Central under DOT regulations.

5.4 Defendant Central was also negligent by:

(1) Failing to establish or implement a policy or procedure for the safe operation of semi-trucks;

(2) Failing to exercise due care in the training of its employees; and/or

(3) Failing to follow its own policies or procedures with regard to safety.

5.5 Further, Defendant Central was guilty of negligent entrustment of a vehicle it owned or operated, in that a reasonably prudent trucking and/or freight hauling company would not have allowed Defendant Myrick to operate its semi-truck. At the time Defendant' Central entrusted its semi-truck to Defendant Myrick, it knew or should have known that Defendant Myrick was an incompetent or unsafe driver.

5.6 Plaintiff would show that each of the foregoing acts and omissions, singularly or in combination with others, constituted negligence, which was a proximate cause of the occurrence made the basis of this action and Plaintiff's injuries and damages.

5.7 Further, Plaintiff's injuries were proximately caused by the defendants' gross negligence, as the term is defined in Tex. Civ. Prac. & Rem. Code Ann. § 41.001 et. seq.

## VI.
## RESPONDEAT SUPERIOR AGAINST DEFENDANT CENTRAL

6.1 Plaintiff incorporates herein Paragraph 4.1 through 4.7 above and relies upon same as if fully copied and set forth at length.

6.2     At all relevant times hereto, Defendant Myrick was driving the semi-truck within the course and scope of his employment with Defendant Central, was engaged in the furtherance of Defendant Central's business, and was engaged in accomplishing a task for which he was employed.

6.3     In addition to the immediate negligent conduct of Defendant Central's employee, the incident making the basis of this suit was caused by the complete lack of safety policies and procedures of Defendant Central along with its failure to properly train its employees. At all relevant times hereto, the employees of Defendant Central responsible for safety and training of Defendant Central employees, were acting in the course and scope of their employment when they performed negligent acts and/or failed to act with regard to instituting and/or enforcing proper safety policies and training of Defendant Central's employees. Therefore, Plaintiff invokes the doctrine of Respondeat Superior against Defendant Central.

## VII.
## DAMAGES

7.1     As a result of the incident described above, Plaintiff suffered serious injuries, some of which may never heal.

7.2     Accordingly, Plaintiff seeks damages for past medical expenses, future medical expenses, lost wages and impaired earning capacity, past pain and mental anguish, future pain and mental anguish, past physical impairment, future physical impairment, disfigurement and loss of the enjoyment of life, and other damages allowable under Texas law.

## VIII.
## CONDITIONS PRECEDENT

8.1     All conditions precedent to Plaintiff's right to recover for each of the foregoing causes of action and remedies have been performed or otherwise satisfied or have occurred.

## IX.
## JURY TRIAL

9.1 Plaintiff respectfully requests a trial by jury in this cause.

## X.
## REQUEST FOR DISCLOSURE

10.1 Pursuant to Rule 194.1 of the Texas Rules of Civil Procedure, Defendant Myrick is requested to disclose, within 50 days of service of this request, the information and materials described in Rule 194.2.

## XI.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff, BRITTANY CLEVELAND, prays that the Defendants CENTRAL HAULING CO., and ANTHONY MYRICK be duly cited to appear and answer herein; and that upon final trial of this cause, Plaintiff recovers:

1. Judgment against Defendants for Plaintiff's damages as set forth above, in an amount in excess of the minimum jurisdictional limits of this Court;

2. Interest on said judgment at the maximum legal rate allowed by law from the date of such judgment;

3. Prejudgment interest at the maximum rate allowed by law;

4. Costs of court; and

5. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted:

**MAYO, MENDOLIA, & VICE, L.L.P.**

By: _____
KEVIN W. VICE
State Bar No. 00785150
kvice@mmvllp.com
DALE H. HENLEY
State Bar No. 24048148
dhenley@mmvllp.com

5368 State Hwy. 276
Royse City, Texas 75189
(469) 402-0450
(469) 402-0461 (Facsimile)

**ATTORNEYS FOR PLAINTIFF
BRITTANY CLEVELAND**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to the following counsel of record, **on this 23rd day of May, 2017**:

Stephen R. Marsh                                                                                     *Via E-Service*
David Klosterboer & Associates
1301 E. Collins Blvd., Suite 490
Richardson, Texas 75081

_____
Dale H. Henley